KLAMER REALTY CORPORATION, Respondent, *v.* JOSEPH DANER-HIRSCH, Appellant.

Supreme Court, Appellate Term, First Department, February 2, 1927.

Landlord and tenant — action for rent — tenant occupied premises under lease reciting that in event tenant failed to send landlord written notice of intention to " vacate the premises," lease would be renewed for additional term of one year — tenant sent notice " to cancel lease " but remained in possession up to within three months of expiration of additional term — notice barred automatic renewal of lease — statutory tenancy arising from holding over terminated when tenant gave up possession.

In an action for rent of premises under a lease reciting that in the event the tenant failed to send the landlord written notice, three months prior to the expiration of the term, of his intention to " vacate the premises," the lease would be automatically renewed for an additional term of one year, the fact that the tenant sent a notice to the landlord " to cancel the lease," more than three months prior to the expiration of the term, barred the automatic renewal of the lease for the additional term of one year, notwithstanding the fact that said tenant thereafter sent the landlord written notice that he would be a monthly tenant and remained in possession up to within three months of the expiration of the additional term.

The statutory tenancy resulting from the holdover was terminated when the tenant gave up possession of the premises, and consequently the tenant is not liable for rent for the remaining three months of the additional term.

CRAIN, J., dissents with opinion.

APPEAL by defendant from a judgment of the Municipal Court. Borough of Manhattan, Seventh District, in favor of plaintiff.

*Strasbourger & Schallek [Max L. Schallek* of counsel], for the appellant.

*Morrison & Schiff [Leon Brof* of counsel], for the respondent.

PER CURIAM.    The notice given by the defendant more than three months prior to the expiration of the stated term prevented the automatic renewal of the lease for the additional term of one year, and the statutory tenancy resulting from the holding over was terminated when the tenant gave up possession.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

Present — BIJUR, DELEHANTY and CRAIN, JJ.

CRAIN, J. (dissenting).    The defendant appeals from a judgment in favor of the plaintiff in the sum of $406.75.    The trial was before the court without a jury on an agreed statement of facts. The question litigated was whether the defendant was obligated to pay rent to the plaintiff for the months of June, July and August, 1926.    The decision depends upon the construction which is to be given to a notice sent by the defendant to the plaintiff on June 19, 1925.    That doubtless which led to the sending of the notice was a clause in the lease numbered 14th, which read as follows: " It is further understood and agreed that in the event that the tenant *wishes to vacate the premises* at the expiration of the term herein mentioned [namely, September 30, 1925] then the tenant must send a written notice *to that effect* by United States registered mail, three months prior to the expiration of the term of this lease.    However, if the tenant fails to send *such* written notice to the landlord, then this lease shall become automatically renewed for an additional term of one year at the same terms and conditions as stated herein."    (Italics are mine.)

On June 19, 1925, more than three months before the expiration of the term, the tenant sent and the landlord received the following notice: " This will inform you to *cancel the lease* made the 15th day of September, 1924, by Klamer Realty Corporation to Joseph Danerhirsch for Apt. 3-E, 690 Riverside Drive, New York, N. Y." (Italics are again mine.)

The tenant did not vacate the premises on September 30, 1925, but remained thereafter and removed on May 29, 1926.    The landlord made no response to the notice of June 19, 1925.    The defendant on August 12, 1925, sent and the landlord received the following written notice: " * * * I will be a monthly tenant beginning October 1, 1925, for Apt. 3-E, 690 Riverside Drive." The landlord made no answer to this second notice.    It will be seen that the defendant, appellant, the tenant, did not notify the

landlord that he wished to vacate the premises. He merely notified the landlord that he, the tenant, had determined to cancel the lease. If the tenant had vacated the premises on September 30, 1925, in the light of his conduct, a construction could be placed upon the notice that it was intended to express the tenant's wish to vacate the premises at the expiration of the term. The tenant by conduct has, however, precluded the giving to this notice of this construction. His conduct shows that he did not wish to vacate the premises, but on the contrary wanted to remain in them but under a new form of letting. The construction which he has thus put by conduct upon his own ambiguous notice makes it an insufficient notice to fulfill the requirements of clause 14 of the lease. Being an insufficient notice it was as a matter of law no notice, and the tenant, who is the defendant, appellant, stands in the position that he would have been in had he sent no notice whatever. That position by virtue of the last clause of paragraph 14 of the lease was that of a tenant who had automatically renewed for an additional year a written lease. The rent recovered was for the last three months of this additional year. No error was committed by the court below and the judgment appealed from should be affirmed, with costs.